UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SMITH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT COBB, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:15-cv-00176-GPC-WVG<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[ECF Nos. 42, 24, 25] |

## INTRODUCTION

On March 23, 2015, Plaintiff Gregory Smith ("Plaintiff"), a prisoner proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 for violations of his First Amendment right to access the courts and for violations to his Eighth Amendment right to be free from deliberate indifference to his health and safety. (FAC ¶ 3, ECF No. 4.) The FAC was made against multiple employers of the California Department of Corrections and Rehabilitation (CDCR) ("Defendants"). (*Id.* ¶¶ 3-9.) On October 8, 2015, Defendants filed a Motion for Summary Judgment on Plaintiff's Eighth Amendment claim based on failure to exhaust available CDCR administrative remedies

as required under the Prison Litigation Reform Act ("PLRA"). (Defs.' Mot. Summ. J., ECF No. 24.) On October 9, 2015, Defendants filed a Motion to Dismiss Plaintiff's Eighth Amendment claim based on res judicata or collateral estoppel and Plaintiff's First Amendment claim based on the statute of limitations. (Defs.' Mot. Dismiss, ECF No. 25.) On May 6, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court to deny Defendants' Motion for Summary Judgment and grant summary judgment sua sponte to Plaintiff, as well as deny Defendants' Motion to Dismiss. (R. & R., ECF No. 42.) Upon consideration of the moving papers and the applicable law, and for the reasons set forth below, the Court **OVERRULES** Defendants' Objection to the Magistrate Judge's R&R, (Defs.' Obj. R. & R., ECF No. 43), **ADOPTS** the Magistrate Judge's R&R in its entirety, (R. & R., ECF No. 42), **DENIES** Defendants' Motion for Summary Judgment on the issue of exhaustion and **GRANTS** Summary Judgment sua sponte to Plaintiff on the issue of exhaustion, (Defs.' Mot. Summ. J., ECF No. 24), and **DENIES** Defendants' Motion to Dismiss FAC (Defs.' Mot. Dismiss, ECF No. 25).

## BACKGROUND[1]

Plaintiff is a state prisoner currently incarcerated at Folsom State Prison in Folsom. (FAC ¶ 3, ECF No. 4.) However, at all times relevant to this action, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (*Id.*) Defendants that have been served are Robert Cobb ("Cobb"), the appeal coordinator; Frank Sharpe ("Sharpe"), a correctional counselor; and N. Beduhi ("Beduhi"), a correctional officer. (*Id.* ¶¶ 4, 5, 8).

### I.     Events Leading to Plaintiff's Injury

On September 29, 2010, Plaintiff reported to Beduhi and two other correctional

---

[1] The following facts are undisputed and largely taken from the Magistrate Judge's Report and Recommendation. (ECF No. 42.)

2

officers that his cellmate was displaying "bizarre behavior," such as "nudeness around the cell, wanting to watch Plaintiff use the toilet, speaking of having sex with men, [and] rape." (*Id.* ¶ 39.) Beduhi and the other correctional officers informed Plaintiff that they would "take care of the problem." (*Id.* ¶ 40.) The following day on September 30, 2010, Plaintiff was assaulted by his cellmate. (*Id.* ¶ 10.) As a result, he suffered second degree burns on his right arm, neck and back, a broken left shoulder, left eye damage, two stab wounds, and a fractured disc. (*Id.*) Plaintiff was hospitalized for ten days at U.C. San Diego Medical Center. (*Id.*) Plaintiff claims to suffer continuing mental and physical trauma as a result of the assault. (*Id.*)

## II.     Plaintiff's CDCR Appeal

Inmates in CDCR custody may appeal[2] "any departmental decision, action, condition, or policy which [an inmate] can demonstrate as having an adverse effect upon [his or her] welfare." Cal. Code Regs. Tit. 15 § 3084.1. The regulations in effect in 2010 required an inmate to proceed through one informal level and three formal levels to exhaust administrative remedies. *Id*. § 3084.5 (2010). At the informal level, the inmate is required to submit his or her appeal on a CDCR Form 602 to prison staff directly involved in the action or decision. *Id.* If the issue is not resolved at the informal level, the inmate can appeal to the first formal level of review, which is conducted by the appeal coordinator. *Id.* At the second level, the inmate's unsatisfied appeal is reviewed by the "hiring authority or designee." *Id.* If the inmate is unsatisfied by the second-level review, the inmate can then appeal to the third level by submitting an appeal to the Office of Appeals in Sacramento. *Id.* The third-level review exhausts administrative remedies. *Id.* (See Defs.' Mot. Summ. J., Ex. B (Declaration of Cobb ("Cobb Decl.") ¶¶ 2-4; Declaration of Lozano ("Lozano Decl.") ¶ 6, ECF No. 24-2.)

On October 29, 2010, Plaintiff submitted an appeal on a CDCR Form 602

---

[2] CDCR appeals refer to inmate grievances, even those at the first level of review.

regarding the September 30, 2010 incident to appeal coordinator Cobb. (FAC ¶ 13, ECF No. 4.) The appeal was received by the appeal coordinator's office on November 5, 2010. (Cobb Decl. ¶ 6, ECF No. 24-2.) Plaintiff requested continuation of his single cell status, compensation for his injuries, and copies of all reports related to the assault. (FAC ¶ 13, ECF No. 4.) On November 8, 2010, Cobb rejected and screened back Plaintiff's appeal for failure to seek informal review with his counselor. (*Id.* ¶ 14.)

On November 9, 2010, Plaintiff gave his appeal to correctional counselor Sharpe for informal review. (*Id.* ¶ 17.) On December 9, 2010, Sharpe informed Plaintiff that Plaintiff's appeal was "not for informal level," and should be bypassed to the next level. (*Id.* ¶ 20.) Sharpe told Plaintiff that he (Sharpe) "would take the appeal back to [the] appeal coordinator" so that Plaintiff would not be at fault for the appeal being late. (*Id.*)

On March 18, 2011 and May 1, 2011, Plaintiff sent requests to appeal coordinator Cobb seeking an update on the status of his appeal. (*Id.* ¶¶ 21, 22.) Cobb responded stating "appeal not in this office." (*Id.* ¶ 22.) On May 23, 2011, Plaintiff submitted a letter to the Chief of the Inmate Appeal Branch in Sacramento, and the Inspector General's office explaining the "destruction and non-respon[se]" to his appeal and seeking assistance in "getting the appeal coordinator to respond to the appeals." (*Id.* ¶ 23.) On June 16, 2011, the Inmate Appeal Branch rejected Plaintiff's appeal on the grounds that Plaintiff had bypassed lower levels of appeal. (*Id.* ¶ 24.) Plaintiff tried again to submit his appeal to Cobb, but was "met with opposition." (*Id.* ¶ 26.)

### III. Procedural History of Plaintiff's Prior State Court Actions

On February 10, 2012, Plaintiff filed a civil complaint in the San Diego County Superior Court alleging failure to protect and loss of property claims. (*Id.* ¶ 32.) On September 7, 2012, the superior court sustained defendants' demurrer without leave to amend for failure to exhaust administrative remedies and failure to timely file a claim under the Tort Claim Act, as to defendants A. Clark, J. Carey, E. Solis, S. Daroglou, and R. Perez. (*Id.* ¶ 33.) On January 11, 2013, the superior court sustained a second demurrer

without leave to amend on the grounds that Plaintiff failed to exhaust administrative remedies and for failure to timely file a claim under the Tort Claims Act as to defendant M. Cate. (*Id.* ¶ 34.)

On March 29, 2013, Plaintiff filed an appeal to the superior court's rulings to the California Fourth District Court of Appeal, Division One. (*Id.* ¶ 35.) The court of appeal affirmed the judgment by the superior court, sustaining the defendants' demurrers on August 15, 2014. (*Id.* ¶ 37.)

**IV.   Present Motions**

On March 23, 2015, Plaintiff filed a FAC asserting claims for an alleged violation of his First Amendment right to access to courts, and for an alleged violation of his Eighth Amendment right to be free from deliberate indifference to his health and safety. (FAC, ECF No. 4.) Plaintiff alleges that appeal coordinator Cobb and correctional counselor Sharpe obstructed his access to the courts in violation of his First Amendment rights. (*Id.* ¶ 47.) Plaintiff also alleges that correctional officer Beduhi failed to protect Plaintiff from assault by his cellmate in violation of his Eighth Amendment rights. (*Id.* ¶¶ 57-59.)

On October 8, 2015, Defendants filed a Motion for Summary Judgment. (Defs.' Mot. Summ. J., ECF No. 24.) Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment on November 20, 2015, (Pl.'s Opp. Defs.' Mot. Summ. J., ECF No. 34.), and Defendants filed a Reply to the Opposition on December 7, 2015 (Defs.' Reply Pl.'s Opp., ECF No. 35).

On October 9, 2015, Defendants filed a Motion to Dismiss, (Defs.' Mot. Dismiss, ECF No. 25), and Plaintiff filed an Opposition to Defendants' Motion to Dismiss on February 16, 2016 (Pl.'s Opp. Defs.' Mot. Dismiss, ECF No. 41).

On May 6, 2016, the Magistrate Judge issued a R&R recommending the Court to deny Defendants' Motion for Summary Judgment and Motion to Dismiss. (R. & R., ECF No. 42.) Defendants filed an Objection to the R&R, (Defs.' Obj. R. & R., ECF No. 43),

and Plaintiff filed a Reply to Defendant's Objection (Pl.'s Reply R. & R., ECF No. 45).

## LEGAL STANDARDS

### I. Review of the Magistrate Judge's Report and Recommendation

The duties of the district court with respect to a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also U.S. v. Raddatz*, 447 U.S. 667, 676 (1980); *U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

As to the portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. District Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

Here, Defendant filed an Objection to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss based on res judicata or collateral estoppel and statute of limitations be denied, as well as Defendants' Motion for Summary Judgment on the issue of exhaustion. (Defs.' Obj. R. & R., ECF No. 43.) Specifically, Defendants object to the Magistrate Judge's conclusions on the issues of res judicata and collateral estoppel. (*Id.*) Defendants do not object to the Magistrate Judge's findings that Plaintiff is not barred by the statute of limitations from bringing his First Amendment claim, and that Defendants are not entitled to summary judgment on the issue of exhaustion. (*See id.*)

/ / /

# DISCUSSION

## I. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's Eighth Amendment claim on the grounds that Plaintiff failed to properly exhaust CDCR administrative remedies. (Defs.' Mot. Summ. J., ECF No. 24.)

### A. Legal Standard for Summary Judgment on Exhaustion

Summary judgment under Federal Rules of Civil Procedure ("Rule") 56 is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment on the issue of exhaustion, the moving party bears the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). Once the defendant has met its burden of proof, the prisoner has the burden of production and "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.

For purposes of summary judgment, a court must "view all of the facts in the record in the light most favorable to the non-moving party and rule, as a matter of law, based on those facts." *Id*. at 1173 (citing *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009)). A court will grant summary judgment "if undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust." *Id*. at 1166. The court must deny summary judgment "if material facts are disputed," but the district judge, rather than a jury, will determine the facts pertaining to exhaustion. *Id.*

The court may grant summary judgment sua sponte to the plaintiff if, viewing the evidence in light most favorable to the defendant, the moving defendant has not shown a genuine dispute of fact on the issue of exhaustion. *Id*. at 1176.

### B. Legal Standard for Administrative Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must complete the administrative review process in accordance with the prison system's "deadlines and other critical rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Although the PLRA requires exhaustion of all available administrative remedies, the Ninth Circuit has consistently held that exhaustion is excused when prison officials render administrative remedies "effectively unavailable." *See McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015) (recognizing that threat of retaliation that deters an inmate from pursuing an appeal may render administrative remedies effectively unavailable); *Albino*, 747 F.3d at 1176 (finding that exhaustion of administrative remedies was effectively unavailable where officials failed to inform inmates of availability of grievance procedure); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (recognizing that improper screening of grievance renders remedies effectively unavailable such that exhaustion is not required); *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing failure to exhaust because the prisoner took reasonable and appropriate steps to exhaust but was prevented from exhaustion by the Warden's mistake, and not through his own fault).

Failure to exhaust administrative remedies is an affirmative defense as to which the defendant bears the burden of proof. *Albino*, 747 F.3d at 1166. Unless it is clear on the face of the complaint that the inmate has failed to exhaust, "defendants must produce evidence proving failure to exhaust in order to carry their burden." *Id.* "A defendant must prove that there was an available administrative remedy and that the prisoner did not

exhaust that remedy." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). The burden then shifts to the plaintiff to show that in the plaintiff's particular case, the generally available administrative remedies were "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Id.* However, the ultimate burden of proof remains with the defendant. *Id.*

### C.     Defendants Are Not Entitled to Summary Judgment

Defendants do not dispute the Magistrate Judge's conclusion that Defendants have failed to carry their burden of showing that administrative remedies were actually available to Plaintiff.

Defendants have submitted declarations by appeals coordinator Cobb, and former Chief of the office of Appeals, Lozano, which describe the process for the submission and processing of appeals. (Cobb Decl. ¶¶ 2-4; Lozano Decl. ¶ 6, ECF No. 24-2.) The declarations also describe the record keeping protocols established by the CDCR and prison staff, (Cobb Decl. ¶ 4; Lozano Decl. ¶¶ 3-5, ECF No. 24-2), as well records concerning the appeals Plaintiff submitted during the relevant time period, (Cobb Decl. ¶ 6; Lozano Decl. ¶¶ 8-9, ECF No. 24-2). According to these records, Plaintiff did not fully exhaust his appeal related to the September 30, 2010 attack. (Cobb Decl. ¶ 7; Lozano Decl. ¶¶ 10-11, ECF No. 24-2.) However, these declarations "at most meets their burden of demonstrating a system of available administrative remedies at the initial step of the *Albino* burden-shifting inquiry." *Williams*, 775 F.3d at 1192.

Plaintiff alleges that he gave his appeal to correctional counselor Sharpe for informal review, (FAC ¶ 17, ECF No. 4), that Sharpe informed Plaintiff that Plaintiff's appeal was "not for informal level" and should be bypassed to the next level, and that Sharpe told Plaintiff that he (Sharpe) "would take the appeal back to [the] appeal coordinator" so that Plaintiff would not "be at fault" for the appeal being late (*Id.* ¶ 20). However, the Office of Appeals has no record of having received this appeal. (Lozano Decl. ¶ 10, ECF No. 24-2.) Therefore, accepting Plaintiff's allegation as true, Sharpe did

not appropriately handle Plaintiff's appeal as he told Plaintiff he would. Regardless of whether Sharpe's handling of the appeal was an innocent mistake, Sharpe's affirmative act of taking responsibility of Plaintiff's appeal, which was allegedly mishandled, made administrative remedies "effectively unavailable" to Plaintiff. *See Nunez* 591 F.3d at 1226. An inmate whose appeal has been mishandled so that administrative remedies may be said to be "effectively unavailable" is not also required to exhaust a separate appeal concerning that mishandling in order to exhaust administrative remedies with regard to the claims contained in the original appeal. *Brown v. Valoff*, 422 F.3d 926, 935 n.10 (9th Cir. 2005) (finding that a prisoner for whom no administrative remedies are available may proceed directly to federal court). Therefore, viewing the evidence in the light most favorable to Plaintiff, the Court concludes that Defendants have failed to carry their burden of showing that administrative remedies were actually available to Plaintiff. Therefore, Defendants are not entitled to summary judgment on the issue of exhaustion.

Defendants request that the Court, if it denies their motion for summary judgment, permit Defendants to produce witnesses at a preliminary proceeding for the purpose of resolving any factual issues bearing on exhaustion. (Memo. of P. & A. Supp. Defs.' Mot. Summ. J. 14, ECF No. 24-1.) As Defendants note, *Albino* held that where summary judgment on the issue of exhaustion is not appropriate, "the district judge may decide disputed questions of fact in a preliminary proceeding." *Albino* 747 F.3d at 1168. However, *Albino* also held that "[i]f the record is sufficiently developed to permit the trial court to consider summary judgment, and if the court finds that when viewing the evidence in the light most favorable to a moving party the movant has not shown a genuine dispute of fact on the issue of exhaustion, it may be appropriate for the district court to grant summary judgment sua sponte for the nonmovant on this issue." *Id.* at 1176.

Defendants had full opportunity to gather evidence and moved for summary judgment on the issue of exhaustion. Despite having the full opportunity to gather

10

3:15-cv-00176-GPC-WVG

evidence, Defendants failed to rebut Plaintiff's sworn allegation that Sharpe took charge of Plaintiff's appeal and informed Plaintiff that he would take care of the appeal on Plaintiff's behalf. While Defendants submitted the declarations of appeal coordinator, Cobb and the former Chief of the Office of Appeals, Lozano, they did not provide a declaration by Sharpe refuting Plaintiff's allegation, in which case, a material issue of fact would have existed and Defendants would have been entitled to a preliminary hearing. However, nowhere in the moving papers do Defendants dispute Plaintiff's allegation regarding Sharpe's improper handling of Plaintiff's appeal.

In addition, Defendants cannot argue that they were caught off guard by this allegation, which Plaintiff made in his opposition to the demurrer in state court as early as June 30, 2012, (Defs.' Mot. Summ. J., Ex. D, at 5, ECF No. 24-4), and which Plaintiff repeated both in his pleadings, (FAC ¶ 20, ECF No. 4), and opposition to Defendants' motion in this action (Pl.'s Opp. Defs.' Mot. Dismiss 4, ECF No. 34). Defendants have had ample opportunity to challenge Plaintiff's account of Sharpe's involvement in Plaintiff's appeal; however, they have failed to carry their burden of proving the availability of an administrative remedy. Therefore, the Court finds that there is no material issue of fact apparent on this record regarding the issue of exhaustion. *See Albino*, 747 F.3d at 1177 (reversing the district court's grant of summary judgment for defendant and remanding with instructions to enter summary judgment for plaintiff on the issue of exhaustion after finding that defendants had not carried their burden of proving the availability of an administrative remedy). Accordingly, the Court **DENIES** Defendants' request for a preliminary proceeding on the issue of exhaustion, and **GRANTS** summary judgment sua sponte to Plaintiff on the issue of exhaustion.

/ / /
/ / /
/ / /
/ / /

## II. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's FAC on two grounds: (1) res judicata or collateral estoppel; and (2) untimeliness.[3]

### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the

---

[3] Defendants confuse res judicata and collateral estoppel and erroneously combine the two preclusion doctrines together. (Defs.' Mot. Dismiss 17-18, ECF No. 25.) The Court will address these doctrines separately.

truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (citation omitted) (internal quotation marks omitted).

**B.      Res Judicata and Collateral Estoppel Do Not Bar Plaintiff's Eighth Amendment Claim**

State judicial proceedings are accorded "the same full faith and credit in every court within the United States . . . as they have by law . . . in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738. Therefore, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment is rendered." *Migra v. Warren City Sch. Dist.*

*Bd. of Educ.*, 465 U.S. 75, 81 (1984); *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (holding that federal courts apply preclusion rules of the state in which the prior judgment was entered); *Heath v. Cleary*, 708 F.2d 1376, 1379 (9th Cir. 1983) ("to determine whether to give preclusive effect to a state court decision, both in terms of res judicata and collateral estoppel, we must look to the law of the state in question.").

### 1.   Res Judicata

Res judicata, also known as claim preclusion, describes the preclusive effect of a final judgment on the merits. *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896 (2002). Res judicata prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. *Id.* Under this doctrine, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the same cause of action. *Id.* However, a judgment not rendered on the merits does not operate as a bar. *Koch v. Rodlin Enterprises* 223 Cal. App. 3d 1591, 1595 (1990).

Here, the dispute centers around whether the prior judgment Plaintiff received in the San Diego superior court was a decision "on the merits." The two claims Plaintiff filed in the superior court were Failure to Protect and Destruction of Property. However, the superior court did not address these claims; rather, the court sustained Defendants' demurrer, entering a judgment of dismissal based on Plaintiff's failure to exhaust his administrative remedies. Defendants argue that dismissal based on failure to exhaust was a final judgment "on the merits" thereby precluding Plaintiff from asserting his Eighth Amendment claim before the Court.

In California, exhaustion of administrative remedies is a jurisdictional prerequisite to state-court litigation, *Johnson v. City of Loma Linda* 24 Cal. 4th 61, 70 (2002), and dismissal for lack of jurisdiction is not a final judgment on the merits. *Lockwood v. Sheppard, Mullin, Richter & Hampton* 173 Cal. App. 4th 675, 682 (2009). Therefore, "a

dismissal for lack of jurisdiction is not res judicata." *Nichols v. Canoga Indus*. 83 Cal. App. 3d 956, 967 (1978); *Lockwood* 173 Cal. App. 4th 682 (2009) ("The difference between a dismissal on the merits and a dismissal for lack of jurisdiction is that a dismissal on the merits has res judicata effect, while a lack of jurisdiction does not."); *Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983) (noting that the prior state court decision for failure to exhaust administrative remedies is not barred by res judicata). Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim on res judicata grounds.[4]

### 2. Collateral Estoppel

Collateral estoppel, also known as issue preclusion, precludes relitigation of issues argued and decided in prior proceedings. *Lucido v. Superior Court* 51 Cal. 3d 335, 341 (1990). Collateral Estoppel applies when the party asserting the bar meets its burden of showing that: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"; (2) the issue to be precluded "must have been actually litigated in the former proceeding"; (3) the issue to be precluded "must have been necessarily decided in the former proceeding"; (4) "the decision in the former

---

[4] In their objection, Defendants argue that "although a judgment refusing to determine an issue on the ground of lack of jurisdiction is not ordinarily res judicata [citations], when the decision on the jurisdictional question is based upon a determination of the merits of an issue before the court, it constitutes a binding determination of that issue." *MIB, Inc. v. Superior Court*, 106 Cal. App. 3d 228, 232-33 (1980) (quoting *Shore v. Shore*, 43 Cal. 2d 677, 681 (1954)). Defendants contend that the prior judgment based on Plaintiff's failure to exhaust is "based upon a determination of the merits of an issue before the court" and is thus a final judgment on the merits. (Defs.' Obj. R. & R. 1-2, ECF No. 43.)

Defendants appear to again confuse claim and issue preclusion in raising this argument. *See MIB, Inc.*, 106 Cal. App. 3d at 234–35 ("Although the three prior dismissals are not res judicata on the merits of the underlying cause of action, there appears to be no reason why the prior decisions should not be res judicata upon the issue which was there decided." (citation omitted)). As discussed *infra* in Part II.B.2, issue preclusion only bars relitigation of issues actually decided in prior proceedings. At a minimum, therefore, the law applied in deciding the issue in the prior case must be materially identical to the law applied in the subsequent case. *See Cal. Hosp. Ass'n v. Maxwell-Jolly*, 115 Cal. Rptr. 3d 572, 583 (Ct. App. 2010); *see also U.S. Golf Assn. v. Arroyo Software Corp.*, 81 Cal. Rptr. 2d 708, 714 (1999). Since federal and California exhaustion requirements involve different substantive law, *see infra* Part II.B.2, issue preclusion does not apply.

proceeding must be final and on the merits"; and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Id.* Issue preclusion must also serve the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Id*. at 343.

Here, the dispute centers around whether the state law that was applied in deciding the issue of exhaustion is "materially identical" to the federal PLRA law. Defendants argue that the state and federal courts apply the same legal standards in determining whether an inmate has exhausted his administrative remedies, thereby barring Plaintiff from relitigating the exhaustion issue under collateral estoppel. (Defs.' Obj. R. & R. 3, ECF No. 43.)

However, it is "well established that when the proceeding in which issue preclusion is currently sought involves different substantive law than the previous proceeding, collateral estoppel does not apply." *See Cal. Hosp. Ass'n*, 188 Cal. App. 4th at 572; *see also U.S. Golf Assn.*, 69 Cal. App. 4th at 617–19 (declining to bar subsequent action under collateral estoppel because the prior action took place in a different legal context); *Pacific Tel. & Tel. Co. v. City & County of San Francisco* 197 Cal. App. 2d 133, 157–58 (1961) (refusing to bar subsequent action under collateral estoppel where change in law shifted from municipal concern to statewide concern).

Contrary to Defendants' contention, the prior determination of exhaustion by the state court is a different legal standard from the exhaustion requirement imposed by the PLRA. The PLRA mandates that prisoners exhaust "available" administrative remedies before filing suit in federal court. Under Ninth Circuit law, prisoners are excused from attempting to exhaust generally available administrative remedies when the actions of prison officials render such remedies "effectively unavailable." *See McBride*, 807 F.3d at 987; *Albino*, 747 F.3d at 1176; *Sapp*, 623 F.3d at 823; *Nunez*, 591 F.3d at 1226; *see also Brown* 422 F.3d at 935 n.10.

In contrast, California's exhaustion requirements direct prisoners who believe that prison officials are improperly delaying or obstructing their grievances to file suit for a writ of mandate ordering the CDCR to perform its duty. *Wright v. State*, 122 Cal. App. 4th 659, 667 (2004). A prisoner who fails to seek a writ of mandate is not excused from further attempts to exhaust administrative remedies, and any state court action filed on the prisoner's underlying claim is subject to dismissal. *See id.* at 667, 671. This is precisely what happened in Plaintiff's prior proceeding. In the judgment by the California Fourth District Court of Appeal, Division One, the court held that if Plaintiff "believed that his appeal was not being properly considered, he was required to petition for a 'writ of mandate ordering the [CDCR] to perform its duty by completing the review.'" (Defs.' Mot. Summ. J., Ex. F, at 45, ECF No. 24-4.)

California's writ of mandate requirement is foreign to the PLRA, which "requires exhaustion of available administrative, not judicial, remedies." *Thorns v. Ryan*, No. 07-CV-0218H (AJB), 2008 WL 544398, at *4 n.2 (S.D. Cal. Feb. 26, 2008) (rejecting prison officials' argument that prisoner whose appeal was improperly screened out by prison officials was required to seek a writ of mandate in state court before filing his federal lawsuit); *Andrews v. Whitman*, No. 06CV2447-LAB (NLS), 2008 WL 878466, at *6 (S.D. Cal. Mar. 28, 2008) (rejecting defendants' argument that if prison officials failed to process his 602 appeal, his sole remedy was to file a petition for writ of mandate in the state court).

The determination of the exhaustion issue in state court was grounded on a requirement that is not present in the PLRA. Therefore, the issue is not "identical" to that decided in the former proceeding. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim on collateral estoppel grounds.

### C. The Statute of Limitations Does Not Bar Plaintiff's First Amendment Claim

Defendants do not dispute the Magistrate Judge's finding that the statute of

limitations does not bar Plaintiff's First Amendment claim.

The Magistrate Judge provides the correct standard for the statute of limitations period in this case. The residual statute of limitations for personal injury claims in California is two years. Cal. Civ. Proc. Code § 335.1. The statute is tolled for up to two years for prisoners who, at the time the cause of action accrued, were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction. *Id.* § 352.1(a). Access-to-courts claim accrues on the date that an adverse judgment was entered against plaintiffs in the prior state court civil proceeding. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998). Statute of limitations is tolled from the date on which an appeal in the prior case was filed and the date on which the state appellate court issued a remittitur. *Morales*, 214 F.3d at 1155.

Here, Plaintiff's access-to-courts claim accrued on September 7, 2012, when Plaintiff's state court action was dismissed. (Defs.' Mot. for Summ. J. Ex. E, at 32, ECF No. 24-4.) The statute of limitation was then tolled from March 29, 2013, when Plaintiff filed his appeal, (FAC. ¶ 35), until August 15, 2014, when the appeals court issued its decision (Defs.' Mot. for Summ. J. Ex. F, at 37, ECF No. 24-4). Plaintiff filed his Complaint in this action on January 26, 2015 (Compl., ECF No. 1.) The statute of limitations at that time had nearly three years left to run. Therefore, the Court finds that Plaintiff's First Amendment access-to-the-courts claim is timely and not barred by the statute of limitations. The Court thus **DENIES** Defendants' Motion to Dismiss Plaintiff's First Amendment claim.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendants' Objection to the R&R, (Defs.' Obj. R. & R., ECF No. 43), **ADOPTS** the Magistrate Judge's R&R in its entirety, (R. & R., ECF No. 42), **DENIES** Defendants' Motion for Summary Judgment on the issue of exhaustion and **GRANTS** Summary Judgment sua sponte to

1 | Plaintiff on the issue of exhaustion, (Defs.' Mot. Summ. J., ECF No. 24), and **DENIES**
2 | Defendants' Motion to Dismiss Plaintiff's FAC. (Defs.' Mot. Dismiss, ECF No. 25).
3 |     **IT IS SO ORDERED.**
4 | Dated:  August 29, 2016

                                                  Hon. Gonzalo P. Curiel
                                                  United States District Judge