# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SMITH,<br><br>                 Plaintiff,<br><br>v.<br><br>R. COBB *et al.*,<br><br>                 Defendants. | Case No.: 15-CV-176-GPC(WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 55]** |

Plaintiff Gregory Smith, proceeding *pro se*, brings this action under 42 U.S.C. Section 1983 against officials of the California Department of Correction and Rehabilitation ("CDCR") alleging violations of his rights under the First and Eighth Amendments. Plaintiff now moves for appointment of counsel, which the Court DENIES without prejudice at this time. However, the Court may reconsider this ruling in the future—either *sua sponte* or upon Plaintiff's re-application—after a ruling on any dispositive motions and it appears this case will proceed to trial.

## I.    BACKGROUND

Plaintiff, a prisoner at California's Folsom prison, alleges that on September 29, 2010, he reported to officials that his cellmate was displaying "bizarre behavior." This included walking about the cell naked and talking about wanting to watch Plaintiff use the toilet, sex with men, and rape. Officials informed Plaintiff that they would "take care of the problem." The following day Plaintiff was assaulted by his cellmate. He suffered

second degree burns on his right arm, neck and back, a broken left shoulder, left eye damage, two stab wounds, and a fractured disc.  Plaintiff was hospitalized for ten days at U.C. San Diego Medical Center.  He claims to suffer continuing mental and physical trauma as a result of the assault.

In addition to the above alleged violation of his Eighth Amendment rights, Plaintiff alleges that other defendants violated his First Amendment right to access to the courts by frustrating his attempts to complete the prison's grievance process.  He filed suit on March 13, 2015.  Since then, the Court denied a motion to dismiss and a summary judgment motion filed by Defendants, and Plaintiff has filed a pending motion to strike Defendants' Answer.  The Court also issued a scheduling order regulating discovery.

## II.     APPLICABLE LAW

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. section 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525; citing *Wilborn*, 789 F.2d at 1331.  However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the

relative complexity of the matter," the exceptional circumstances which might require the appointment of counsel do not exist. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony").

### III.   DISCUSSION

Plaintiff contends he needs counsel appointed here because he is unable to afford counsel, the issues in this case are complex, and he needs the assistance of expert witnesses. The Court is not persuaded at this time. First, Plaintiff's indigence is not a factor the Court considers persuasive given that all or nearly all prisoners are indigent, and parties in civil cases are not automatically entitled to appointed counsel despite their indigence. Second, this case is not complex, as it does not present novel questions or theories of law, and this area of law itself is not complex. The law in this areas is quite settled. Moreover, Plaintiff's factual allegations are also non-complex and are in line with similar claims routinely litigated before this Court by *pro se* prisoners. Thus, Plaintiff will not need the assistance of an attorney to research and argue some arcane or unclear legal theory at this time. Finally, although Plaintiff generally states he lacks access to expert witnesses, he does not identify what type of expert he needs or explain why such testimony is needed in this case.

Plaintiff's request for appointment of counsel is **DENIED** without prejudice *at this time*. However, given the potentially compelling nature of Plaintiff's allegations, the Court will reconsider appointment of counsel in the future if it appears this case will proceed to trial. The Court will do so *sua sponte* or upon Plaintiff's re-application for appointment of counsel.

**IT IS SO ORDERED.**

Dated:  January 17, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge