UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GREGORY SMITH, | Case No.: 15-CV-176-GPC(WVG) |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO STRIKE ANSWER** |
| v. | |
| R. COBB *et al.*, | |
| Defendants. | **[Doc. No. 50.]** |

In this prisoner civil rights action under 18 U.S.C. section 1983, Plaintiff moves to strike all twenty affirmative defenses in Defendants' Answer. As detailed herein, this Court respectfully RECOMMENDS that Plaintiff's motion to strike be GRANTED in part, DENIED in part, and that 11 of Defendants' affirmative defenses be STRICKEN. The Court further recommends that Defendants be granted leave to amend 7 of these stricken affirmative defenses.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate at Folsom State Prison, in Folsom, California. At all times relevant to this action, however, he was housed at the Richard J. Donovan Correctional Facility ("Donovan") in San Diego, California. (Doc. No. 4 ¶ 3.) Defendant Cobb was the appeal coordinator. (*Id.* ¶ 4.) Defendant Perez was a correctional sergeant in the mental

health department at Donovan.  (*Id.* ¶ 7.)  Defendant Daroglou was a clinical psychiatrist.  (*Id.* ¶ 6.)  Defendant Beduhi was a correctional officer.  (*Id.* ¶ 8.)  Defendant Sharpe was a correctional counselor.  (*Id.* ¶ 5.)

On September 29, 2010, Plaintiff reported to Perez, Daroglou, and Beduhi that his cellmate was displaying "bizarre behavior." (*Id.* ¶ 39.)  This included walking around the cell naked and talking about sex with men, rape, and wanting to watch Plaintiff use the toilet.  (*Id.*)  Perez, Daroglou, and Beduhi told Plaintiff that they would "take care of the problem." (*Id.* ¶ 40.)  The following day, Plaintiff's cellmate attacked him.  (*Id.*)  Plaintiff suffered second degree burns on his right arm, neck and back, a broken left shoulder, left eye damage, two stab wounds, and a fractured disc in his back.  *(Id.*)  He was hospitalized for ten days and claims to suffer from continuing mental and physical trauma.  (*Id.*)

After the attack, officials placed Plaintiff in administrative segregation but returned him to general population housing after two weeks.  (*Id.* ¶ 12.)  On October 29, 2010, he submitted an appeal regarding the September 30, 2010 attack to Appeal Coordinator Cobb.  (*Id.* ¶ 13.)  Plaintiff requested continuation of his single cell status, compensation for his injuries, and copies of all reports related to the assault.  (*Id.*)  Cobb rejected and "screened back" Plaintiff's appeal for failure to seek informal review with his counselor.  (*Id.* ¶ 14.)

Accordingly, Plaintiff gave his appeal to Correctional Counselor Sharpe for informal review.  (*Id.* ¶ 17.)  Sharpe told Plaintiff that he was unable to provide the relief requested and that Plaintiff's appeal was inappropriate for informal review.  (*Id.* ¶¶ 19-20.)  Sharpe told Plaintiff that he (Sharpe) "would take the appeal back to [the] appeal coordinator" so that Plaintiff would not be faulted for the appeal being late.  (*Id.* ¶ 20.)

Several months passed.  In March and May of 2011, Plaintiff sent two requests to Appeal Coordinator Cobb seeking a status update of his appeal.  (*Id.* ¶¶ 21-22.)  Cobb responded in writing, stating that Plaintiff's "appeal [is] not in [the appeals] office." (*Id.* ¶ 22.)  On May 23, 2011, Plaintiff submitted a letter to the Chief of the Office of Appeals in Sacramento seeking assistance in getting responses to his appeals.  (*Id.* ¶ 23.)  The Office of Appeals rejected Plaintiff's request on the ground that he had bypassed the lower levels

of appeal. (*Id.* ¶ 24.) After receiving the Appeals Office's response, Plaintiff sent the rejection to Cobb, hoping to restart the appeal process. (*Id.* ¶ 26.) However, he was "again[] met with opposition." (*Id.*)

Plaintiff filed the operative First Amended Complaint on March 23, 2015, alleging that Appeal Coordinator Robert Cobb and Correctional Counselor Frank Sharpe obstructed his access to the courts in violation of his First Amendment rights. (*Id.* ¶ 47.) Plaintiff also alleges that prison clinical psychiatrist Daroglou, Correctional Sergeant Perez, and Correctional Officer Buduhi failed to protect him from assault by his cellmate in violation of his Eighth Amendment rights. (*Id.* ¶¶ 57-59.)

Defendants thereafter filed their Answer, asserting twenty affirmative defenses. (Doc. No. 47.) In response, Plaintiff moved to strike all twenty defenses (Doc. No. 50), and Defendants opposed the motion while also conceding that some of the defenses should be stricken (Doc. No. 53). Defendants sought leave to amend some, but not all, of the defenses they conceded were not sufficiently pled.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings. The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations and citation omitted). Motions to strike are regarded with disfavor because striking is such a drastic remedy. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). The Court must view the pleadings in the light most favorable to the pleading party when ruling upon a motion to strike. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citation omitted). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979)).

In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). "The defendant must articulate the affirmative defense clearly enough that the plaintiff is not a victim of unfair surprise. It does not, however, require a detailed statement of facts." *Id.* (citation and internal quotations omitted); *see also Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only require[s] describing [an affirmative] defense in general terms.") (internal quotations and citation omitted).

## III. DISCUSSION

### A. Affirmative Defenses That Defendants Concede are Insufficient (Nos. 1, 2, 8, 9, 10, 16, 17, 18, and 20)

Defendants concede that eight of their affirmative defenses are in insufficient or invalid and request leave to amend four of those defenses. Accordingly, Plaintiff's motion should be granted as to the first, second, eighth, ninth, sixteenth, seventeenth, eighteenth, and twentieth defenses. The only question that remains is whether leave should be granted to amend the eighth, ninth, sixteenth, seventeenth defenses.[1] The undersigned respectfully recommends that leave to amend be granted.

Defendants concede they have failed to plead a sufficient factual basis to provide Plaintiff fair notice of the basis for his failure to mitigate his claims or damages (eighth affirmative defense); to allege damages (ninth affirmative defense); that Defendants acted

---

[1] Defendants do not seek to amend the first, second, eighteenth, and twentieth affirmative defenses for good reason. As they concede, these defenses are either inapplicable or are not legally-valid affirmative defenses. Accordingly, leave to amend would be futile.

4

reasonably under the circumstances (sixteenth affirmative defense); and that the alleged harm Plaintiff suffered was not foreseeable to Defendants (seventeenth affirmative defense). For each of these four defenses, they seek leave to amend in order to provide additional factual support. Leave to amend is proper here given that Defendants have not previously been granted leave to amend. Moreover, Plaintiff has not argued that prejudice would result if the Court were to grant Defendants leave to amend for the first time, and it is not evident how Plaintiff would be prejudiced. Additionally, given that the deficiency in each of these defenses is in their lack of detail, it is not readily apparently that leave to amend to add details would be futile.

Accordingly, this Court respectfully recommends that the first, second, eighteenth, and twentieth affirmative defenses be stricken without leave to amend, and that the eighth, ninth, sixteenth,[2] and seventeenth affirmative defenses be stricken with leave to amend.

**B.  Appropriate Affirmative Defenses (Nos. 3, 4, 7, 10, 11, 12, 13, 14, and 19)**

**1.  Third Affirmative Defense: Failure to Exhaust Administrative Remedies**

Citing *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), Plaintiff contends the third affirmative defense asserting that he failed to exhaust his administrative remedies should be stricken because Defendants failed to raise this defense in an "unenumerated Rule 12(b) motion rather than in a motion for summary judgment." (Doc. No. 50 at 4.)[3] However, as

---

[2] However, the Court notes that the sixteenth affirmative defense stating that "Defendants acted reasonably under the circumstances" teeters on being a redundant defense that strongly resembles other defenses. *See Sliger v. Prospect Motg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) ("Redundant matter is defined as allegations that constitute a needless repetition of other averments . . . .") (internal quotations and citation omitted). For example, the sixteenth affirmative defense is similar to the sixth ("Justification") and seventh ("Good Faith") affirmative defenses. Although this Court recommends granting leave to amend, Defendants should consider whether this defense is necessary and *should* be amended in light of the sixth and seventh affirmative defenses.

[3] Page numbers in record citations refer to the numbers stamped on documents by the CM/ECF system.

5

Defendants note, an en banc panel of the Ninth Circuit Court of Appeals expressly overruled *Wyatt* and held that failure to exhaust is a defense that may be plead and proven in the regular course of litigation or by a summary judgment motion, if appropriate. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Accordingly, the third affirmative defense is properly pled and should not be stricken.

### 2. Fourth Affirmative Defense: Qualified Immunity[4]

Plaintiff next contends the fourth affirmative defense of qualified immunity should be stricken because Defendants did not bring it in a motion to dismiss or summary judgment and because they have not explained the "legal or factual basis for it." (Doc. No. 50 at 5.) This Court disagrees.

It is well-settled that "[q]ualified immunity is an affirmative defense that must be pleaded in the answer." *Norwood v. Vance*, 591 F.3d 1062, 1075 (9th Cir. 2010). That being said, Defendants need not necessarily raise this defense in a motion to dismiss and, under certain circumstances, may raise it for the first time in a summary judgment motion even when they have failed to assert the defense in the Answer. *Id.* Because the dispositive motion filing deadline in this case is August 1, 2017 (Doc. No. 48 ¶ 8), Defendants may still move for summary judgment on qualified immunity grounds. Accordingly, the fact that they have not yet done so is not an appropriate basis to strike the fourth affirmative defense.

With respect to the sufficiency of the defense as pled, the level of specificity required to assert an affirmative defense merely requires Defendants to "articulate the affirmative

---

[4] The fourth affirmative defense states: "Defendants are entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendants' conduct did not violate clearly established law. At all relevant times, Defendants acted within their scope of discretion, with due care, with a good-faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that their actions comported with all applicable federal and state laws."

defense clearly enough that the plaintiff is not a victim of unfair surprise. It does not, however, require a detailed statement of facts." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013); *see also Schwarz v. Meinberg*, No. 13-CV-356-BRO(PLAx), 2016 U.S. Dist. LEXIS 99737, at *10 (C.D. Cal. July 15, 2016) ("Under the fair notice standard, even defenses that are pled in a conclusory manner may provide fair notice so long as they are potentially viable affirmative defenses, the nature of the defenses is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses.") (citation and internal quotations omitted) (unpublished). Here, Plaintiff alleges that Defendants' conduct violated his civil rights. The fourth affirmative defense puts him on notice that Defendants will argue that their alleged wrongful conduct—as outlined in the Complaint—constituted an exercise of discretion, was carried out in good faith, or was under the protection of qualified immunity. Defendants have provided Plaintiff more than merely a conclusory recitation of a qualified immunity defense. They have provided several specific bases for the defense. Accordingly, the fourth affirmative defense provides Plaintiff fair notice, is properly pled, and should not be stricken.

### 3. Seventh Affirmative Defense: Good Faith

The seventh affirmative defense asserts that Defendants' "actions were at all times performed in a good faith effort to comply with established California Department of Corrections and Rehabilitations policies and procedures." (Doc. No. 27 ¶ 84.) Plaintiff seeks to strike this defense because "under 11 U.S.C. [§] 548(c) [a, 'c]onclusory assertion' [is an] insubstantial defense." (Doc. No. 50 at 6.) As pled, this defense is appropriate and provides Plaintiff fair notice.

As an initial matter, 11 U.S.C. section 548 is a provision that governs the fraudulent transfers and obligations of debtors in bankruptcy estates. Accordingly, that statute has no bearing on any issue in this case or Plaintiff's motion to strike.

Next, in asserting the good faith defense, Defendants also provide the sources upon which they claim to have relied in good faith: "established California Department of Corrections and Rehabilitations policies and procedures." Although they do not identify

the precise policies and procedures by number, they nonetheless provide fair notice of the basis for this defense. As a result, Plaintiff may craft discovery to determine which specific policies and procedures Defendants claim to have relied on in good faith. *Accord Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 569 (S.D. Cal. 2012) (finding that as long as an affirmative defense provides sufficient direction for a plaintiff to craft discovery, fair notice of the defense has been provided). Accordingly, the seventh affirmative defense is properly pled and should not be stricken.

### 4. Tenth Affirmative Defense: Rights, Privileges, and Immunities

The tenth affirmative defense is a general denial that "Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States of America or by the laws of the State of California." (Doc. No. 47 ¶ 87.) In other words, Defendants assert that they have complied with every law and deny they have done anything wrong under *any* law. Plaintiff seeks to strike this defense on the basis that his rights are "[g]uaranteed by the Fourteenth Amendment [of the] United States Constitution." (Doc. No. 50 at 7.) Thus, in response to Defendants' assertion that they have done nothing wrong under *any* law, he counters and identifies a specific right he alleges Defendants violated. In making this argument, Plaintiff demonstrates his understanding of the basis for this defense. Regardless of whether Plaintiff's contention is ultimately correct, he nonetheless understands—and has thus received fair notice of—the nature of the tenth affirmative defense. Accordingly, this defense is sufficiently-pled and should not be stricken.

### 5. Eleventh Affirmative Defense: Collateral Estoppel and Res Judicata

Collateral estoppel and res judicata are both valid affirmative defenses specifically listed under Federal Rule of Civil Procedure 8(c)(1). Such affirmative defenses may be raised by a motion for summary judgment. *See Magana v. N. Mar. I.*, 107 F.3d 1436, 1446 (9th Cir. 1997) (recognizing that an affirmative defense may be raised for the first time in

a summary judgment motion if the delay does not prejudice the plaintiff); *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

Plaintiff seeks to strike the eleventh affirmative defense and refers only to the Court's Order adopting the undersigned's previous Report and Recommendation. (Doc. No. 50 at 7.) In that Order, the Court found that collateral estoppel and res judicata did not bar Plaintiff's Eighth Amendment Complaint. (Doc. No. 46 at 13-15.) However, the Court made no such finding as to Plaintiff's First Amendment claim. Because Defendants potentially may still file a summary judgment motion on or before August 1, 2017 (Doc. No. 46 at ¶ 8), they will continue to have the opportunity to raise the collateral estoppel and res judicata defenses to Plaintiff's First Amendment claim if it applies. Accordingly, the eleventh affirmative defense should not be stricken.

### 6. Twelfth Affirmative Defense: Legitimate Penological Goals

The twelfth affirmative defense asserts that "Defendants' actions were reasonably related to legitimate penological goals." (Doc. No. 47 ¶ 89.) Plaintiff contends this defense is vague, ambiguous, and redundant. (Doc. 50 at 7.) This Court disagrees for several reasons.

As an initial matter, this defense is generally valid and may be pled in an Answer. Ninth Circuit Model Civil Jury Instruction 9.28 expressly instructs jurors to "give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison." In other words, this instruction instructs jurors to consider the legitimate penological goals of the prison in rendering their verdict. The twelfth affirmative defense appears to incorporate this jury instruction.

Second, this defense is not redundant. While other defenses may touch on the reasonableness of Defendants' actions, this defense specifies "penological goals" as potential justifications for their conduct. This added level of specificity thus differentiates this defense from others in the Answer.

Finally, this defense is not pled in a vague or ambiguous manner. Defendants' reference to "legitimate penological goals" provides Plaintiff the opportunity to propound discovery to identify the specific goals with which Defendants contend their actions comported. *See Kohler*, 280 F.R.D. at 569. As a result, the twelfth affirmative defense as pled has provided sufficient notice of the nature of the defense and should not be stricken.

### 7. Thirteenth Affirmative Defense: No Vicarious Liability

The thirteenth affirmative defense asserts that, "[t]o the extent Defendants' alleged liability is based on their supervisory capacities, they are not liable for damages under any doctrine of vicarious liability." (Doc. No. 47 ¶ 90.) Plaintiff asserts this defense is vague, ambiguous, and does not provide him fair notice. (Doc. No. 50.) This Court disagrees.

It is black letter law that "vicarious liability is inapplicable to . . . § 1983 suits . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing *Iqbal* and explaining that "when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates.").

Accordingly, to the extent Plaintiff pursues any defendant in this case based on his or her vicarious liability *for others' actions* rather than "culpable action, or inaction, [that] is directly attributed to them," *Starr*, 652 F.3d at 1205, such claims are barred as a matter of law. In this Court's view, Defendants need not plead anything beyond this clear legal principle to satisfy the fair notice pleading standard because the nature of this defense is well-known and well-defined. Accordingly, Defendants have properly pled the thirteenth affirmative defense, and it should not be stricken.

### 8. Fourteenth Affirmative Defense: No Recovery for Mental or Emotional Injury

The fourteenth affirmative defense states that "Plaintiff is barred by 42 U.S.C. § 1997e(e) from recovering damages for mental or emotional injury." (Doc. No. 47 ¶ 47.) Plaintiff moves to strike this defense on the basis that his physical injuries are evidenced

by photographs, medical reports, and mental health records in "violation of 18 U.S.C. [§] 2246(4)." (Doc. No. 50 at 8.) As explained below, the fourteenth affirmative defense is proper.

As an initial matter, 18 U.S.C. section 2246(6) is not relevant to any claim or defense in this case. Section 2246 defines various terms used in statutes that govern sexual abuse criminal offenses. It merely provides the definition of "serious bodily injury" in the specific context of sexual abuse crimes covered by 18 U.S.C. sections 2241 *et seq.* Thus, section 2246 and its definition of "serious bodily injury" are inapplicable in this case, as Plaintiff does not lodge any allegation of sexual abuse.[5]

The fourteenth affirmative defense provides Plaintiff fair notice of its contours. Title 42, United States Code, section 1997e expressly limits recovery "for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). Thus, this statute first requires a showing of physical injury before Plaintiff may recover for mental or emotional injuries. If Plaintiff fails to first make such a showing, he will be, as the fourteenth affirmative defense asserts, barred from recovering damages for mental or emotional injuries.

Through the instant motion to strike, Plaintiff disputes this defense's claim of his ineligibility for mental or emotional injuries when he argues that the documentary evidence *does* support his physical injuries and, by extension, any claim for mental or emotional damages. His argument for striking this defense actually demonstrates a firm understanding for the basis of this defense. Without Defendants' mention of physical injuries, Plaintiff understood such injuries were prerequisite to mental and emotional damages and responded that he has satisfied the physical injury requirement. Thus, Plaintiff has received fair notice of this defense.

---

[5] Although the First Amended Complaint alleges Plaintiff's cellmate made references to rape the day before the attack, Plaintiff does not allege that his cellmate sexually assaulted him.

Plaintiff's argument here is not a proper basis to strike this defense. The existence of evidence that supports claims or injuries is a matter of factual proof for future determination as this case progresses—not an issue that bears on the sufficiency of an answer at this stage of the litigation. Thus, the existence or non-existence of documents that support any claimed injuries is simply not a valid reason to strike this defense. Accordingly, the fourteenth affirmative defense is a valid defense, is properly pled, and should not be stricken.

### 9. Nineteenth Affirmative Defense: Statute of Limitations

The nineteenth affirmative defense asserts that the "statute of limitations applies to invalidate one or more of Plaintiff's claims." (Doc. No. 47 ¶ 96.) Plaintiff does not identify a specific basis for striking this defense and instead states: "See Order adopting Magistrate Judge's Report and Recommendation on statute of limitations." (Doc. No. 50 at 9.)

A statute of limitations defense is generally a valid defense specifically listed under Federal Rule of Civil Procedure 8(c)(1). Additionally, this enumerated defense may be raised "by a motion for dismissal or by summary judgment motion." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). On its face, then, the nineteenth affirmative defense is properly pled.

In the Court's prior Order adopting the undersigned's Report and Recommendation, the Court found that the statute of limitations did not bar Plaintiff's First Amendment claim. (Doc. No. 46 at 17-18.) However, the Court did not rule on a statute of limitation bar of Plaintiff's Eighth Amendment claim. Thus, because this defense continues to potentially apply to Plaintiff's Eighth Amendment claim and Defendants may still raise it by summary judgment motion if it applies, it remains a potentially viable defense that should not be stricken.

### C. Inappropriate Affirmative Defenses (Nos. 5, 6, and 15)

This Court respectfully recommends striking the fifth, sixth, and fifteenth affirmative defenses. However, because it does not readily appear that amendment would be futile, this Court also recommends granting Defendants leave to amend.

12

15-CV-176-GPC(WVG)

**1. Fifth Affirmative Defense: Privilege**

Plaintiff contends that the fifth affirmative defense, which, in full, states that "Plaintiff's claims are barred because Defendants' actions were privileged under the circumstances," (Doc. No. 47 ¶ 82), is vague and ambiguous. This Court agrees.

Without substantive argument, Defendants cite *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 570 (S.D. Cal. 2012) in support of this defense. However, the language of Defendants' defense is markedly more vague than the privilege defense that the court in *Kohler* found was pled sufficiently. There, the defendant had asserted that "its 'conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders and approvals relating to building construction and/or fire safety and public safety.'" *Id.* The court concluded that the defense was proper, finding that the defendant had provided "sufficient notice of the *types of sources it relied on* in its allegedly privileged conduct." *Id.* (emphasis added).

*Kohler* is distinguishable and does not support the sufficiency of Defendants' fifth affirmative defense. In contrast to the specific sources of privilege the *Kohler* defendant cited, Defendants vaguely state that their conduct was privileged "under the circumstances," but do not identify any source of this claimed privilege. As a result, the fifth affirmative defense fails to provide Plaintiff fair notice and should be stricken. However, this Court recommends that leave to amend should be granted because it is not readily evident that Defendants would not be able to sufficiently plead a viable privilege defense.

**2. Sixth Affirmative Defense: Justification**

Plaintiff contends that the sixth affirmative defense which, in full, states that "Plaintiff's claims are barred because Defendants' actions were reasonable and justified under the circumstances," (Doc. No. 47 ¶ 83), is vague and ambiguous. This Court agrees.

The defense of justification can excuse a defendant's alleged unconstitutional conduct if specific factors or circumstances surrounding the conduct demonstrably justify it. *See, e.g.*, *Martin v. Snyder*, 329 F.3d 919, 922 (7th Cir. 2003) (warden's deferment of

inmate's marriage resulting from visitation restrictions justified by penological interests); *Rahman v. Schriro*, 22 F. Supp. 3d 305, 316 (S.D.N.Y. 2014) (officers following plausible instructions from a superior or fellow officer could enjoy qualified immunity "where, viewed objectively in light of the surrounding circumstances, they could lead a reasonable officer to conclude that the necessary legal justification for his actions exists.") (internal quotations, alteration, and citations omitted).

Here, the sixth affirmative defense as pled is vague, conclusory, and fails to provide Plaintiff *any* rationale or basis for Defendants' claim that their conduct was justified. Without more, Defendants' barebones assertion of justified conduct "under the circumstances" fails to satisfy even the low fair notice standard. *Accord Mayfield v. Cnty. of Merced*, No. 13-CV-1619-LJO(BAM), 2015 U.S. Dist. LEXIS 22760, at *12-13 (E.D. Cal. Feb. 24, 2015) (applying fair notice standard and striking justification defense as insufficient) (unpublished).

Defendants rely on the same pin-citation from *Kohler* discussed above and assert, without substantive argument, that the sixth affirmative defense as currently pled provides Plaintiff fair notice. However, much like the fifth affirmative defense, the sixth defense suffers from a lack of any basis for the claimed justification. Thus, the sixth affirmative defense is insufficient for the same reasons discussed immediately above. Indeed, *Kohler* provides even less support for the sufficiency of the sixth defense than the fifth defense because the court in that case never analyzed any justification defense or determined its sufficiency.[6] Thus, ultimately, *Kohler* does not support the sufficiency of this defense.

The sixth affirmative defense should be stricken, and leave to amend should be granted to assert some basis for the claimed defense.

---

[6] In fact, the defendant in *Kohler* withdrew its "legitimate business justification" defense. *Kohler*, 280 F.R.D. at 563 n.1.

14

### 3. Fifteenth Affirmative Defense: Liability for Contributory Conduct

The fifteenth affirmative defense asserts that "Plaintiff's injuries or damages were the result of his own negligent or deliberate actions." (Doc. No. 47 ¶ 92.) Plaintiff objects that this defense is pled in a vague and ambiguous manner and fails to provide him fair notice of the nature of his contributory negligence. (Doc. No. 50 at 8.) This Court agrees.

Contributory negligence is an affirmative defense listed in Rule 8(c)(1). However, "[a] bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard." *Devermont v. City of San Diego*, No. 12-CV-1823-BEN(KSC), 2013 WL 2898342, 2013 U.S. Dist. LEXIS 83495, at *16-17 (S.D. Cal. June 12, 2013) (unpublished) (quoting *Roe v. City of San Diego*, 289 F.R.D. 604, 611-12 (S.D. Cal. 2013)). This is particularly true given that, in this Court's analysis, it is unclear how Plaintiff's conduct contributed to his attack. Without *any* details, the fifteenth affirmative is as vague as the fifth and sixth defenses and suffers from the same failure to provide fair notice of the basis for the defense.

This Court respectfully recommends that the fifteenth affirmative defense be stricken with leave to amend to provide some basis for Defendants' claim that Plaintiff's conduct contributed to his injuries and damages.

### IV.     CONCLUSION

For the reasons set forth herein, this Court respectfully RECOMMENDS that Plaintiff's motion to strike be GRANTED in part, DENIED in part as follows:

1. That Plaintiff's motion be DENIED as to affirmative defenses 3, 4, 7, 10, 11, 12, 13, 14, and 19;

2. That affirmative defenses 5, 6, 8, 9, 15, 16, 17 be STRICKEN with leave to amend; and

3. That affirmative defenses 1, 2, 18, and 20 be STRICKEN without leave to amend.

This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

IT IS ORDERED that no later than **June 30, 2017**, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **July 13, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). IT IS SO ORDERED.

DATED: May 30, 2017

Hon. William V. Gallo
United States Magistrate Judge