# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SMITH,<br><br>Plaintiff,<br><br>v.<br><br>R. COBB, et al.,<br><br>Defendants. | Case No.: 15-cv-00176-GPC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AND ADOPTING REPORT AND RECOMMENDATION**<br><br>[Dkt. Nos. 50, 58] |

Before the Court is Plaintiff's motion to strike the affirmative defenses offered by Defendants in response to Plaintiff's 18 U.S.C. § 1983 complaint. Dkt. No. 50. On May 30, 2017, U.S. Magistrate Judge William V. Gallo issued a Report and Recommendation that passed upon the merits of Plaintiff's motion to strike. Dkt. No. 58. Plaintiff submitted timely objections to the Report and Recommendation. Dkt. No. 59. Accordingly and after having reviewed the moving papers, the Report and Recommendation and the applicable law, the Court **GRANTS in part**, **and DENIES in part**, Plaintiff's motion to strike.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Gregory Smith ("Plaintiff") is currently an inmate at Folsom State Prison, in Folsom, California. Previously and at all times relevant to this action, he was housed at the Richard J. Donovan Correctional Facility ("Donovan Facility") in San Diego, California. First Amended Complaint ("FAC"), Dkt. No. 4. Defendants Cobb, Perez, Daroglou, Beduhi, and Sharpe ("Defendants") are officers at the Donovan Facility. *Id.* at 2-4.

On September 29, 2010, Plaintiff reported to Officers Perez, Daroglou, and Beduhi that his cellmate was displaying "bizarre behavior." *Id.* at 9. This behavior included walking around the cell naked, talking about rape and having sex with men, and expressing a desire to watch Plaintiff use the toilet. *Id.* Perez, Daroglou, and Beduhi responded to Plaintiff's concerns by telling him that they would "take care of the problem." *Id.* Plaintiff further alleges that Officer Beduhi specifically knew that Plaintiff's cellmate was a "serious problem" because "he was the officer who move[d] him out of his previous cell." *Id.*

The following day, Plaintiff's cellmate attacked him. *Id.* at 4. Plaintiff suffered second-degree burns on his right arm, neck and back, a broken left shoulder, left eye damage, two stab wounds, and a fractured disc in his back. *Id.* As a result, Plaintiff was hospitalized for ten days. *Id.* Officials placed Plaintiff in administrative segregation for the two weeks following the attack and thereafter returned him to the general population. *Id.*

On October 29, 2010, Plaintiff submitted an appeal to Defendant Cobb, the appeal coordinator, "for process due to the battery at the hands of" his cellmate. *Id.* at 5. In it, he requested that his single cell status be continued, that he be compensated for his injuries, and that he be provided with copies of all the reports related to the incident. *Id.* On November 8, 2010 "the 602 Appeal was Screen back to Plaintiff for informal level review" with his "Counselor." *Id.* Sometime thereafter, Plaintiff gave his appeal to Defendant Sharpe, a "counselor," for informal review. *Id.* Sharpe told Plaintiff that he

was unable to provide the relief requested and that the appeal was inappropriate for informal review. *Id.* at 5-6. Sharpe stated that Plaintiff's appeal "should have been bypass[ed] to the next level" and, as such, Sharpe "said he would take the appeal back to Appeal Coordinator" so that Plaintiff would not be faulted for filing the appeal late. *Id.* at 6.

Plaintiff sent two requests to Officer Cobb, in March and May 2011, seeking a status update of his appeal. *Id.* at 6. Cobb responded in writing to Plaintiff's May appeal by stating "[a]ppeal not in this office." *Id.* In response, on May 23, 2011, Plaintiff submitted a letter to the chief of the "chief inmate appeal branch" in Sacramento, CA seeking assistance. *Id.* The chief appeal branch, however, rejected Plaintiff's request because he had bypassed the lower levels of appeal. *Id.* After receiving the chief appeal branch's response, Plaintiff sent the rejection to Cobb, hoping to restart the appeal process. *Id.* at 7. According to Plaintiff, however, he was "again[] met with opposition." *Id.*

Plaintiff filed the First Amended Complaint on March 23, 2015. Dkt. No. 4. He alleges that Defendants Cobb and Sharpe obstructed his access to the courts in violation of his First Amendment rights. *Id.* at 11. Plaintiff also alleges that Defendants Daroglou, Perez, and Beduhi failed to protect him from the assault perpetrated by his cellmate in violation of his Eighth Amendment rights. *Id.* at 13. Defendants responded to Plaintiff's complaint, in October 2015, by filing a motion for summary judgment for failure to exhaust administrative remedies and a motion to dismiss for failure to state a claim. Dkt. Nos. 24, 25.

On May 6, 2016, Magistrate Judge Gallo issued a Report and Recommendation on Defendants' motion to dismiss. Dkt. No. 42. In it, the magistrate judge recommended that the Court (1) deny Defendants' motion for summary judgment and *sua sponte* enter summary judgment in favor of Plaintiff on the issue of exhaustion and (2) deny Defendants' motion to dismiss. *Id.* On August 29, 2016, this Court adopted the Report and Recommendation in full. Dkt. No. 46.

After this Court ruled on the Report and Recommendation, Defendants filed an answer to Plaintiff's First Amended Complaint. Dkt. No. 47. The answer asserted twenty affirmative defenses. *Id.* The instant motion followed.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter" from the pleadings. Fed. R. Civ. P. 12(f). An affirmative defense is insufficient if it fails to give the plaintiff "fair notice" of the nature of the defense. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). A defense is immaterial for purposes of a motion to strike "if it has no essential or important relationship to the claim for relief pleaded." *Id.* A matter is impertinent if it does not pertain to the issues at hand. *Barnes*, 718 F. Supp. 2d at 1170. Motions to strike are regarded with disfavor because they are a drastic remedy. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). If a claim is stricken, "leave to amend should be freely granted in the absence of prejudice to the opposing party. *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak*, 607 F.2d at 826-27).

An affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes*, 718 F. Supp. 2d at 1173-74; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Accordingly, the defendant has the burden to prove an affirmative defense. *Barnes*, 718 F. Supp. 2d at 1174. In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289

F.R.D. 604, 608 (S.D. Cal. 2013).

**DISCUSSION**

Plaintiff provides two primary reasons for why all of Defendants' twenty affirmative defenses should be stricken. First, Plaintiff contends that a number of Defendants' asserted defenses are not proper affirmative defenses. Second, Plaintiff asserts that Defendants' other affirmative defenses fail to provide Plaintiff with proper notice. The Court will address each of these arguments in turn.

### A. Non-Affirmative Defenses (Nos. 1, 2, 9, and 20)

As stated above, a defense that asserts a defect in the plaintiff's prima facie case is not a proper affirmative defense. *Zivkovic*, 302 F.3d at 1088. This is so because an affirmative defense does not negate the elements of the plaintiff's claim, but rather precludes liability even if the allegations of the complaint are true. *Barnes*, 718 F. Supp. 2d at 1173. The following defenses, therefore, are not affirmative defenses because they do not preclude liability, but instead attempt to rebut elements of Plaintiff's prima facie case. Defendants are free to raise arguments based upon these principles as the litigation progresses. But they are not properly before the Court as affirmative defenses because Defendants do not bear the burden of proving them.

### 1. First and Second Defenses: "Failure to State Claim" and "Failure of Proof"

Defendants' first defense alleging "failure to state claim" is not a proper affirmative defense. *See Barnes*, 718 F. Supp. 2d at 1174. "The First Amended Complaint failed to state any claim upon which relief can be granted." Dkt. No. 47 at 6. This assertion does not give rise to an affirmative defense because "an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." *Boldstar Technical, LLC v. Home Depot, Inc.,* 517 F. Supp. 2d 1283, 1291 (S.D. Fl. 2007). Defendants' second defense, "failure of proof," is not an affirmative defense for the same reasons. *See* Dkt. No. 47 at 6 ("Plaintiff has failed to meet his burden of proving each of the required elements of all claims asserted against Defendants"); *see also Zivkovic*, 302 F.3d at 1088 ("A defense which

demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Accordingly, Defendants' first and second affirmative defenses are struck without leave to amend.

### 2. Ninth Affirmative Defense: "Damages"

For their ninth defense, Defendants state that "Plaintiff fails to allege facts sufficient to state a claim for compensatory or punitive damages for any action taken by Defendants in their individual capacities." Dkt. No. 47 at 7. Defendants' denial of damages, however, is not an affirmative defense. *See Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. 2013) (holding that defendants' denial of punitive damages was not an affirmative defense because it asserted that the plaintiff had not met her burden of proof). Accordingly, the Court strikes the ninth defense as an improper affirmative defense, without leave to amend.

### 3. Twentieth Affirmative Defense: "Reservation of Affirmative Defenses"

The reservation of additional affirmative defenses is also not a proper affirmative defense. *See E.E.O.C. v. Timeless Invs. Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010) ("'reservation of affirmative defenses' is not an affirmative defense."); *Kaur v. City of Lodi*, 2015 WL 5560214, at *2 (E.D. Cal. Sept. 21, 2015). Accordingly, the Court strikes Defendants' twentieth affirmative defense without leave to amend.

## B. Inapplicable Affirmative Defenses (No. 18)

Defendants' eighteenth affirmative defense, "Eleventh Amendment Immunity," is inapplicable to this case. Plaintiff is suing Defendants in their individual capacity. The Eleventh Amendment does not bar suit against state officials sued in their individual capacity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."); *Nichols v. Logan*, 355 F. Supp. 2d 1155, 1164 (S.D. Cal. 2004). As such, Eleventh Amendment Immunity has no bearing

on the claims presented.[3] The Court therefore strikes without leave to amend Defendants' eighteenth affirmative defense.

**C. Insufficiently Pled Affirmative Defenses (Nos. 5, 6, 7, 8, 10, 12, 15, 16 and 17)**

In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. Fed. R. Civ. P. 8; *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); *Barnes*, 718 F. Supp. 2d at 1171. If a claim fails to meet this fair notice standard, it is insufficient and should be stricken. *Barnes*, 718 F. Supp. at 1170. If a claim is stricken as insufficient, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Id.*

A number of Defendants' affirmative defenses are insufficiently pled because they are entirely conclusive and devoid of any factual basis. The fifth affirmative defense "Privilege" states no more than the following: "Plaintiff's claims are barred because Defendants' actions were privileged under the circumstances." Dkt. No. 47 at 7. The sixth affirmative defense "Justification" states only that "Plaintiff's claims are barred because Defendants' actions were reasonable under the circumstances." *Id.* The seventh affirmative defense "Good Faith" states, without identifying any particular policy or procedure, that "Plaintiff's claims are barred because Defendants' actions were at all times performed in a good-faith effort to comply with established California Department of Corrections and Rehabilitations policies and procedures." *Id.* The eighth affirmative defense "Failure to Mitigate" just contends that "Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff failed to exercise reasonable diligence and/or behavior to mitigate the nature and extent of his claims and alleged injuries." *Id.* The tenth affirmative defense for "Rights, Privileges, Immunities" simply asserts

---

[3] Defendants concede that the eighteenth affirmative defense, Eleventh Amendment immunity, is inapplicable. Dkt. No. 53 at 10.

7

"Defendants deny Plaintiff has been deprived of any rights, privilege, or immunities guaranteed by the laws of the United States of America or by the laws of the State of California." *Id.* The twelfth affirmative defense of "Legitimate Penological Goals" asserts in conclusory fashion that "Defendants' actions were reasonably related to legitimate penological goals." *Id.* at 8. The fifteenth affirmative defense of "Liability for Contributory Conduct" simply contends that "Plaintiff's injuries or damages were the result of his own negligent or deliberate actions." *Id.* The sixteenth affirmative defense "Reasonableness" avers no more than that "Defendants acted reasonably under the circumstances." *Id.* Lastly, the seventeenth affirmative defense "Foreseeability" merely asserts that "the alleged harm inflicted upon Plaintiff was not foreseeable to the Defendants." *Id.*

Because Defendants have provided no factual basis for these affirmative defenses and because the nature of these defenses is not otherwise apparent given the claims before the Court, the aforementioned defenses are insufficiently pled. *See Barnes*, 718 F. Supp. 2d. at 1172; *see also Vogel*, 291 F.R.D. at 441-42 (finding that defendant's defenses of privilege and justification were insufficient because they lacked legal or factual support); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 570 (S.D. Cal. 2012) (striking failure to mitigate defense where it lacked factual basis); *Devermont v. City of San Diego*, 2013 WL 2898342, at *16-17 (S.D. Cal. June 12, 2013) (quoting *Roe*, 289 F.R.D. at 611-12) ("[a] bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard."). Accordingly, the Court strikes Defendants' fifth, sixth, seventh, eighth, tenth, twelfth, fifteenth, sixteenth and seventeenth affirmative defenses with leave to amend.[4]

---

[4] The Court observes that many of these alleged defenses are also subject to challenge as non-affirmative defenses. Accordingly and to the extent that Defendants wish to amend these defenses, Defendants must cite to authority demonstrating that they have, in fact, pled an affirmative defense and that they are not simply rebutting elements of Plaintiff's prima facie case or burden.

### D. Properly Pled Affirmative Defenses (Nos. 3, 4, 11, 13, 14, 19)

An affirmative defense is sufficiently pled if it gives the plaintiff fair notice of the defense. *Kohler*, 280 F.R.D. at 564. Rule 12(f) motions to strike are disfavored and shall not be granted where "the insufficiency of the defense is not readily apparent." *J & J Sports Prods., Inc.*, 2012 WL 2317566, at *1; *see also Roe*, 289 F.R.D. at 609-10.

#### 1. Third Defense – "Failure to Exhaust Administrative Remedies"

The third affirmative defense, failure to exhaust administrative remedies, is a proper affirmative defense. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Defendants have, moreover, provided the legal source of their defense, 42 U.S.C. § 1997e(a).[6] Accordingly, the Court concludes that this defense has been sufficiently pled.

In reaching this conclusion, the Court has considered and rejected Plaintiff's objections to the Report and Recommendation as to this defense. Plaintiff argues that the defense should be stricken because it has already been "settled" that Plaintiff was excused from exhausting his administrative remedies. Dkt. No. 59 at 2-3. This argument, however, is misplaced. A Rule 12(f) order is a drastic remedy that should be exercised only when the affirmative defense fails to provide adequate notice. *Freeman*, 877 F. Supp. 2d at 923. Courts do not strike affirmative defenses simply because they will fail. The decision to strike is a question of notice to Plaintiff, not the likelihood of success on the merits. Here, there is no question that Plaintiff understands the nature of this defense. *See* Dkt. No. 59 at 2-3. Accordingly, the Court denies Plaintiff's motion to strike the third affirmative defense.

#### 2. Fourth Defense – "Qualified Immunity"

The fourth affirmative defense, qualified immunity, "is an affirmative defense that must be pleaded in the answer." *Norwood v. Vance*, 591 F.3d 1062, 1075 (9th Cir. 2010).

---

[6] No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

Because qualified immunity is a well-known defense, pleading the defense alone puts Plaintiff on notice. *See Vogel v. Linden Optometry APC*, 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013) (affirmative defenses were sufficient even though conclusory because, "these are potentially viable affirmative defenses, the nature of the defenses is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses."). As such, the Court concludes that this defense is properly pled.

Again, Plaintiff's objects to the Report and Recommendation do not alter the Court's conclusion. Plaintiff asserts that the qualified immunity defense should be struck because Defendants violated a "clearly established law" and, therefore, cannot avail themselves of the defense. *See* Dkt. No. 59 at 3 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Motions to strike, however, are granted only when an affirmative defense fails to provide notice, not when it is likely to fail on the merits. As such, Plaintiff's objections fails. *See Kohler*, 280 F.R.D. at 569 (finding that as long as an affirmative defense provides sufficient direction for a plaintiff to craft discovery, fair notice of the defense has been provided). Accordingly, the Court denies Plaintiff's motion to strike the fourth affirmative defense.

### 3. Eleventh and Nineteenth Defenses – "Collateral Estoppel/Res Judicata" and "Statute of Limitations"

Defendants' eleventh and nineteenth affirmative defenses — that is collateral estoppel/res judicata and statute of limitations — are both clearly-established and valid affirmative defenses. *See* Fed. R. Civ. P. 8(c). Accordingly and notwithstanding the conclusory nature of both defenses, the Court denies Plaintiff's motion to strike these two defenses. *See Vogel*, 2013 WL 1831686 at *5. The Court emphasizes, however, that its decision not to strike says nothing about whether these defenses will succeed on the merits. *See* Dkt. No. 59 at 5-8 (objecting to Report and Recommendation on the merits). An affirmative defense need only give the Plaintiff notice of the nature of the defense. *See Kohler*, 280 F.R.D. at 569. As such, and because the nature of these defenses gives Plaintiff fair notice of what Defendants seek to prove, Plaintiff's Rule 12(f) motion fails.

The Court, therefore, denies Plaintiff's motion to strike and eleventh and nineteenth affirmative defenses.

### 4. Thirteenth and Fourteenth Affirmative Defenses – "No Vicarious Liability" and "No Recovery for Mental or Emotional Injury"

Defendants' thirteenth affirmative defense states "To the extent Defendants' alleged liability is based on their supervising capacities, they are not liable for damages under any doctrine of vicarious liability." Dkt. No. 47 at 8. The fourteenth affirmative defense, "No Recovery for Mental or Emotional Injury," in turn, states "Plaintiff is barred by 42 U.S.C. § 1997e(e) from recovering damages for mental or emotional injury." *Id.* The Court concludes that both of these affirmative defenses are properly pled because they provide Plaintiff with fair notice of the grounds upon which they rest.

"[V]icarious liability is inapplicable . . . to § 1983 suits . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (explaining that "when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."). Accordingly, and to the extent that Plaintiff seeks to prove that any supervising Defendant should be held liable for the actions of his or her subordinates, this defense bars such a claim as a matter of law.

As to the fourteenth affirmative defense of "No Recovery for Mental or Emotional Injury," that defense is likewise sufficiently pled. A § 1983 prisoner plaintiff cannot recover "mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]"). As such, and to the extent that Plaintiff cannot show that he suffered any physical injury, this defense places Plaintiff on notice that he cannot seek recovery for mental or emotional injury only.

In his objections to the Report and Recommendation, Plaintiff asks the Court to strike these defenses because they do not apply given Plaintiff's allegations. *See* Dkt. No. 59 at 7 ("Vicarious Liability does not apply here. This affirmative defense should be stricken."); *id.* ("However, by the preponderance of the evidence, by Photographs, medical reports, and mental health records [Plaintiff has satisfied 42 U.S.C. § 1997e(e)'s requirement for physical injury]."). The Court yet again observes, however, that the Rule 12(f) inquiry is not whether Defendants' defenses will succeed on the merits, but whether they provide Plaintiff with fair notice of the nature of the defense. Here, there is no dispute that Plaintiff understands the legal principles underpinning these two affirmative defenses. *See id.* ("Plaintiff agree with the Court that defendants' thirteenth Affirmative Defense is properly pled."); ("Plaintiff agree with the Court that the fourteenth affirmative defense is proper and that Plaintiff has received fair notice of this defense."). Accordingly, the Court denies Plaintiff's motion to strike the thirteenth and fourteenth affirmative defenses.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendants' affirmative defenses is **GRANTED** in part and **DENIED** in part. The Report and Recommendation is granted to the extent that it is consistent with this opinion. Accordingly,

1. The following affirmative defenses are struck **without leave to amend**: First (1), Second (2), Ninth (9), Eighteenth (18), and Twentieth (20).
2. The following affirmative defenses are struck **with leave to amend**: Fifth (5), Sixth (6), Seventh (7), Eighth (8), Tenth (10), Twelfth (12), Fifteenth (15), Sixteenth (16), and Seventeenth (17).
3. Plaintiff's motion to strike is **DENIED** as to the following affirmative defenses: Third (3), Fourth (4), Eleventh (11), Thirteenth (13), Fourteenth (14), and Nineteenth (19).

/ / / /

/ / / /

**IT IS SO ORDERED.**

Dated: September 5, 2017

_Hon. Gonzalo P. Curiel_
United States District Judge