UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>R. COBB; et al.,<br><br>    Defendant. | Case No.: 3:15-cv-00176-GPC-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS SHARPE AND COBB;**<br><br>**(2) DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS DAROGLOU AND PEREZ;**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE [ECF No. 82]** |

On March 2, 2018, this Court entered an order warning Plaintiff that it was considering entering summary judgment against Plaintiff with regard to his remaining claims that Defendants Sharpe and Cobb had violated his First Amendment right of access to courts. (ECF No. 87.) With respect to those claims, Plaintiff alleges that Sharpe and Cobb refused to process Plaintiff's prison grievances regarding prison officials' failure to return property taken from Plaintiff's cell. Plaintiff ultimately filed

suit in California Superior Court over the loss of his property, but that court dismissed Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies.

In its order, the Court noted that there did not appear to be a causal connection between Sharpe and Cobb's actions and the dismissal of Plaintiff's state court suit. It explained:

> A plaintiff asserting a § 1983 action must prove that the defendant's actions were the "actionable cause" of the injury of which the plaintiff complains. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). This "actionable cause" requirement includes both proximate and in-fact causation. *Id.* As to proximate cause, the governing inquiry is normally whether the constitutional violation was a foreseeable risk of the defendant's conduct, but it can also be "determined by the existence of intervening or superseding actual causes," which "have been held to prevent the direct causal connection required for liability." *Smith v. Harrington*, No. C 12-3533 LB, 2015 WL 1407292, at *25 (N.D. Cal. Mar. 27, 2015).

> Here, it does not appear that, even assuming Cobb and Sharpe's actions prevented Plaintiff from exhausting the 602 process, their actions were the proximate cause of the dismissal of Plaintiff's Superior Court property claim. Rather, the proximate cause of that dismissal appears to be Plaintiff's failure to comply with the exhaustion requirements of the California Government Claims Act (which do not involve the Form 602 process) or to argue that an applicable exemption from those requirements applied in his case.

> As noted in the Superior Court's order dismissing Plaintiff's claims, the California Government Claims Act requires a plaintiff to exhaust his administrative remedies before bringing an action in Superior Court. *See* Cal. Gov. Code § 945.4 ("[N]o suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . ."); *see also id.* § 950.2. Such requirements apply to prisoners. *Id.* § 945.6(c). In the context of a state prisoner like Plaintiff, this claim must be made to the Victim Compensation and Government Claims Board (the "Board"). *See Dragasits v. Yu*, No. 3:16-cv-1998-BEN-JLB, 2017 WL 3141802, at *17 (S.D. Cal. July 24, 2017). Crucially, the California Department of Corrections and Rehabilitation ("CDCR") administrative appeal review process—which involves Forms 602 and 22—is *not* the type of exhaustion required before filing a claim in Superior Court; it is a different process. In fact, the CDCR

administrative appeal review process is not a prerequisite for filing a claim before the Board. *See* MacKay, The California State Prisoners Handbook 681 (The Prison Law Office, 4th ed. 2008) ("[I]n 2004, the Government Claims Board began requiring prisoners to exhaust the 602 process before filing a Government Claims Form. However, problems arose because prisoners' administrative appeals frequently were not fully processed by the time of the six-month deadline for filing a Government Claims Board claim. Consequently, the Board rescinded this policy and no longer requires prisoners to complete the 602 appeal process before filing a Board of Control claim."). There is no evidence before the Court (or allegation made) that Plaintiff filed a claim before the Board. Thus, based on the evidence before the Court, it appears that regardless of Cobb and Sharpe's actions, the Superior Court would still have dismissed Plaintiff's claims in light of his failure to file a claim before the Board. *See Dragasits*, 2017 3141802, at [*]17 (dismissing claim because the complaint failed "to allege facts demonstrating or excusing compliance with the claim presentation requirement of the California Government Claims Act"); *King v. Chokatos*, No. 1:12-cv-1936-LJO-GSA-PC, 2014 WL 3362237, at *5 (E.D. Cal. July 9, 2014) ("Compliance with the Government Claims Act is an element of the cause of action, is required, and a failure to file a claim is fatal to a cause of action." (citations omitted)). In other words, it appears that it was Plaintiff's failure to file a claim before the Board that was the "actionable cause" of the dismissal of his Superior Court suit.

Moreover, even if Sharpe and Cobb somehow prevented Plaintiff from properly bringing a claim before the Board, there were arguments available to Plaintiff that he was excused from compliance with the Government Claims Act. For example, equitable estoppel prevents public entities and officials from "asserting plaintiff's noncompliance with the claims-presentation statutes." *Christopher P. v. Mojave Unified Sch. Dist.*, 23 Cal. Rptr. 2d353, 356 (Ct. App. 1993); *see also John R. v. Oakland Unified Sch. Dist.*, 769 P.2d 948, 951 (Cal. 1989) ("It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act."). Thus, in the Superior Court action, Plaintiff also had a viable response to the defendants' exhaustion-based demurrer. In that event, it was Plaintiff's failure to offer an available argument that caused the dismissal of the Superior Court action, not the actions of Cobb or Sharpe.

(*Id.* at 6–8.) The Court instructed Plaintiff to respond to this issue within 21 days.

The Court separately noted that neither Defendant Daroglou nor Defendant Perez

had been served process in this case. (*Id.* at 8.) Because the deadline for service under Federal Rule of Procedure 4(m) had long passed by the date of the Court's order, the Court ordered Plaintiff to show cause why his claims against those defendants should not be dismissed for failure to serve. (*Id.* at 9.)

With respect to both issues, the Court warned Plaintiff that failure to respond properly "may result in the dismissal of the remaining claims in this action." (*Id.*) Plaintiff filed a response addressing both issues. (ECF No. 88.)

### I. Causation Issue

Plaintiff responds to the Court's summary judgment discussion by asserting that he diligently exhausted his administrative remedies. He identifies two actions he took to exhaust his remedies: (1) filing several Form 602s and Form 22s with CDCR officials, and (2) filing a claim with the California Victims Compensation and Government Claims Board (the "Board"). (ECF No. 88 at 4–5.) As discussed in the Court's previous order, the CDCR's appeal process—which involves Forms 602 and 22—is not a part of the Government Claims Act's exhaustion requirement. Thus, the only relevant question is whether Plaintiff filed (or attempted to file) a claim with the Board regarding his property prior to filing his state court suit.

Plaintiff offers a copy of a claim he filed with the Board, which is dated March 28, 2011. (*See* ECF No. 88, Ex. C at 1–2.) That claim asserts that he should receive $3,000,000 for his injuries resulting from an assault by his cellmate. In the box where Plaintiff was instructed to list the "specific damage or injury," Plaintiff wrote: "Broken left shoulder. Damage left eye. 2 puncture wounds upper lip, left wrist. 2nd degree burns to 10/15 percent of my back and right arm with hot water and oil." (*Id.*) This claim cannot serve as an attempt to exhaust Plaintiff's property-based claim because nothing in it discussed Plaintiff's property. Rather, Plaintiff's claim to the Board discussed only his *personal injuries*. Plaintiff offers no other evidence suggesting that he made a property-based claim with the Board. Thus, no reasonable juror could conclude that Plaintiff exhausted his administrative remedies as to his property-based claim before

4

asserting that claim in state court.

Plaintiff's failure to offer evidence that he exhausted (or at least attempted to exhaust) his administrative remedies with respect to his property-based claim vitiates his argument that Sharpe's or Cobb's conduct caused the dismissal of his property-based claim in state court. There is no evidence suggesting that Sharpe or Cobb impeded Plaintiff's ability to file a claim with the Board *as to his property*. Because causation is an essential element of a § 1983 claim, *Harper*, 533 F.3d at 1026, it is a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (defining materiality as a fact "that might affect the outcome of the suit under the governing law"). Because there is no genuine dispute as to the material fact of causation, Sharpe and Cobb are entitled to summary judgment. Fed. R. Civ. P. 56(a).

**II.     Timely Service**

With respect to his failure to serve Defendants Daroglou and Perez, Plaintiff argues that he has satisfied his obligations under Rule 4(m) by furnishing the United States Marshals Service with information sufficient to identify Daroglou's and Perez's "identities." (ECF No. 88 at 2.) The only evidence Plaintiff offers is a copy of a letter he wrote to the U.S. Marshals Office, dated March 12, 2018, asking that the office "look into your files a for a copy of your attempt to serve[], but was unsuccessful. Need these two cop[ies] for court exhibits." (ECF No. 88, Ex. D at 1.[1])

"In cases involving plaintiffs proceeding in forma pauperis, the United States Marshal, upon order of the court, is authorized to serve the summons and the complaint." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). While an "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. marshal for service of the

---

[1] Plaintiff also includes a copy of a letter sent to him by the Clerk of Court on July 13, 2015—after the Court granted Plaintiff's motion to proceed in forma pauperis—which instructed Plaintiff to complete the Form USM-285 "including the name and street address of the person you have named as a defendant and wish to serve, as completely and clearly as possible. (ECF No. 88, Ex. D at 2.)

summons and complaint," the prisoner must offer the marshal sufficient information to serve the defendant. *Id.* If, in response to an order to show cause, the prisoner does "not prove that he provided the marshal with sufficient information to serve [the defendant] or that he in fact requested that [the defendant] be served," dismissal is appropriate. *Id.* That said, however, a prisoner "should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Id.* (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)).

Here, the U.S. Marshal notified Plaintiff—on multiple occasions between August and October 2015—that the summonses sent to Daroglou and Perez were returned unexecuted because the litigation coordinator at Donovan Correctional Facility indicated that no one named "S. Daroglou," "R. Prez," or "R. Perez" was employed by the facility. (ECF Nos. 9, 10, 18, 30.) Plaintiff does not suggest that he responded to these notices at all, let alone by offering additional information that would assist the U.S. Marshal in finding Daroglou or Perez. Rather, he asserts that "[o]nce [a] state inmate suing prison officials in forma pauperis adequately identified defendants' he [is] entitled to rely on [the] Marshals Service to serve and process, even if official was no longer employed by prison." (ECF No. 88 at 2.) But while Plaintiff could rely on the Marshals Office to follow Plaintiff's directions, he was obligated to provide some direction to the Marshals Office in the first place. Under this Court's local civil rules:

> Where service of a summons and pleading is to be made by United States marshal upon a person . . . the party at whose request the summons is issued is responsible for providing the United States marshal's office *with appropriate instructions* regarding the person upon whom service is to be made, in what capacity the service is to be made (official or individual), and at *what address service is to be made*. Failure to comply with these instructions may cause the marshal not to perform service.

S.D. Cal. Civ. R. 4.1.c (emphases added). While Plaintiff could have sought assistance from the Court or the Marshals Office in obtaining Daroglou's and Perez's addresses, he instead chose to do nothing for two and a half years. By doing so, Plaintiff failed to comply with his obligation—under Local Rule 4.1.c—to instruct the Marshals Office on

how to proceed.

Because Plaintiff offers no reason to believe that he took any action until two and half years after he received notice from the U.S. Marshal that Defendant Daroglou and Perez could not be found, dismissal without prejudice for failure to serve under Rule 4(m) is appropriate. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within [120] days after the complaint is filed, the court—on . . . its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant . . .").

### III. Conclusion

Having given Plaintiff notice that the Court was considering granting summary judgment in favor of Defendants Sharpe and Cobb because there was no evidence that those defendants' actions caused the dismissal of Plaintiff's state court claim regarding the loss of his property—and because Plaintiff has failed to respond with any evidence that could enable a reasonable juror to conclude otherwise—the Court finds that summary judgment should be entered in favor of Defendants Sharpe and Cobb on the remaining aspect of Plaintiff's First Amendment access-to-courts claim. *See* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may . . . grant the motion [for summary judgment] on grounds not raised by a party."). Moreover, having given Plaintiff notice that it appeared that he had failed to serve Defendants Daroglou and Perez within the 120-day time limitation under Rule 4(m) effective at the time—and because Plaintiff does not suggest he took any action to serve those defendants within two and a half years after receiving notice that the U.S. Marshal could not find those defendants—the Court DISMISSES WITHOUT PREJUDICE Plaintiff's claims against Defendants Daroglou and Perez. *See* Fed. R. Civ. P. 4(m).

This order resolves the remaining claims in this case. Plaintiff's motion to strike (ECF No. 82) is DENIED AS MOOT. The Clerk of Court is respectfully requested to close the case.

**IT IS SO ORDERED.**

7

3:15-cv-00176-GPC-WVG

Dated: March 28, 2018

_____
Hon. Gonzalo P. Curiel
United States District Judge